Inhabitants of Petersham *v.* Inhabitants of Coleraine.

INHABITANTS OF PETERSHAM *vs.* INHABITANTS OF COLERAINE.

If a notification is sent, by the overseers of the poor of a town which has incurred expense for the relief of a pauper found therein, to the overseers of the poor of the town where his settlement is supposed to be, requesting his removal, the answer, by Gen. Sts. *c.* 70, § 18, must be signed by some one of the overseers; and, if it is not so signed, their town will be barred from contesting the question of his settlement, although the pauper is not actually removed there; and the answer will not be sufficient, if signed merely by another person with whom the town has contracted for the support of its paupers for that year.

Overseers to whom such an answer is sent do not waive the defect by sending a reply to the overseers of the other town, under the belief that the answer came from one of them, or by subsequently sending a new notification to them for the removal of the same pauper.

CONTRACT to recover for expenses incurred in the relief and support of Lewis Johnson and his family.

At the trial in the superior court, before *Lord,* J., the plaintiffs contended and the defendants denied that the settlement of the paupers was in Coleraine, and evidence was introduced upon

this question which it is immaterial to report here. The plaintiffs introduced evidence tending to show that they furnished the relief and support for which they sought to recover, at various times from August 1861 to November 1862; and, for the purpose of fixing upon the defendants a liability under Gen. Sts. c. 70, § 18, evidence was introduced that on the 24th of August 1861 two of the plaintiffs' overseers of the poor sent a notice to the defendants' overseers of the poor, that they had furnished relief to Ellen Johnson, a daughter of Lewis Johnson, whose lawful settlement was in Coleraine, and requested payment thereof and a removal of the pauper. On the 12th of September 1861, one of the plaintiffs' overseers sent a similar notice and request to the defendants' overseers respecting Lewis Johnson and his wife and an infant. On the 9th of September 1861, Goodwin Roberts, who was not one of the overseers of the poor of Coleraine, but who had contracted with that town for the support of all its paupers for that year, sent an answer, signed with his own name alone, to the plaintiffs' overseers, stating, amongst other things, that " we have made inquiry, we cannot find that any such person as Lewis Johnson ever gained a residence in this town," and that he must have gained a residence in South Orange. On the 10th of November Roberts wrote another letter, signed in the same way, to the plaintiffs' overseers, who supposed that he was one of the defendants' overseers, and, on the 13th of November, one of them wrote again to the defendants' overseers, saying, " Yours of the 10th is received," reiterating that Johnson was a proper charge of Coleraine, and giving further particulars of the condition of him and his family. On the 13th of December 1861, one of the plaintiffs' overseers sent to the defendants' overseers a bill of the expenses incurred in the relief of Johnson and his family, and requested payment of it and a removal of the paupers; to which the defendants' overseers sent a formal reply on the 23d of the same month.

Upon the whole evidence, the judge directed a verdict for the defendants, which was returned accordingly· and the plaintiffs alleged exceptions.

*F. H. Dewey,* for the plaintiffs.

*G. T. Davis,* for the defendants. Where a correspondence is kept up between two towns, upon a question of settlement, formal objections as to the notice and answer are to be considered as waived, unless expressly insisted on. *Shelburne* v. *Rochester,* 1 Pick. 473. *Paris* v. *Hiram,* 12 Mass. 267. *Northfield* v. *Taunton,* 4 Met. 433, and cases there cited. Courts always look with disfavor upon claims of estoppel. The Gen. Sts. c. 70, § 18, apply to the case of an actual removal, and without such removal an estoppel cannot be insisted upon. See *Topsham* v. *Harpswell,* 1 Mass. 518.

Metcalf, J. The overseers of the poor of Coleraine, on receiving notice from the overseers of the poor of Petersham, respecting the paupers for whose support payment is sought in this action, were required by the Gen. Sts. c. 70, § 18, in order to save the defendants from liability to pay the expenses of that support, to send to the overseers of Petersham, within two months, a written answer, signed by one or more of them, stating therein their objections. No such answer was sent by them within two months after they received the first two notices. The defendants are therefore liable for the expenses incurred by the plaintiffs, at least for so much thereof as was incurred prior to October 23d 1861, two months before the date of their overseers' first written answer.

It is argued for the defendants that the objection that a legal answer was not made by their overseers has been waived by the plaintiffs' overseers, and cases are cited, in which objections to notices have been held to be waived, when those notices did not set forth all the particulars which might have been necessary, if insisted on. But all those notices were in writing and signed as the law prescribed, and were defective in mere circumstantial matters, and not notices given by persons who had no authority to give them. We know of no case in which a defect in an answer to a notice has been held to be waived by the overseers to whom the answer was sent. But if such defect may be waived, when found in an answer sent by overseers who alone have authority to make it, we cannot hold that when an answer

is sent by one who has no authority, the mere silence of the overseers, to whom it is sent, is a waiver of the objection to its sufficiency.

As we dispose of the case on a ground which will be equally decisive against the defendants on a new trial, we need not express an opinion on the question of evidence which was discussed at the argument.               *Exceptions sustained.*